HENRY LANCE MOORE, BY HIS NEXT FRIEND, CLYDE H. MOORE v. CHARLES THOMAS BROOKS, BY HIS GUARDIAN AD LITEM CARROLL F. GARDNER, AND SEBERT MONROE BROOKS.

AND

WILLIAM ALEX MILLER, BY HIS NEXT FRIEND, THERON O. MILLER v. CHARLES THOMAS BROOKS, BY HIS GUARDIAN AD LITEM CARROLL F. GARDNER, AND SEBERT M. BROOKS.

(Filed 16 December, 1964.)

**Automobiles § 41n—**

Plaintiff passengers were injured when defendant driver struck a mule on the highway at nighttime while driving 50 to 55 miles per hour. The evidence tended to show that the driver avoided striking one mule by swerving to the left, then drove back on his right side of the highway without slackening speed and did not see the second mule until too late to avoid the collision. *Held:* The evidence was sufficient to be submitted to the jury on the issue of negligence.

APPEAL by defendants from *McLaughlin, J.,* September, 1964 Civil Session, SURRY Superior Court.

The two minor plaintiffs, through their respective Next Friends, instituted these civil actions to recover damages they sustained by reason of the actionable negligence of Charles Thomas Brooks in the operation of a family purpose automobile owned by the defendant Sebert M. Brooks. The plaintiffs were guest passengers in the vehicle when the driver wrecked it on Rural Road No. 1001, west of Dobson, in Surry County. The driver, according to his own evidence, was driving at night, 50 to 55 miles per hour, "When I first saw the mule it was four or five car lengths, or possibly six in front of me and I then swerved to the left. I did not run off the highway. Just as I came around that mule and then drove back into my lane, I was right on the other one before I saw it. That mule was standing facing west in

my lane of the highway and I was right on top of the second mule when I saw it and hit it."

The highway patrolman testified he found debris all over the road. The mule had been knocked or carried 231 feet and the automobile had stopped 282 feet from the debris. The mule was killed. The vehicle was a total loss. The two plaintiffs were injured.

The jury found the defendant was negligent and awarded the plaintiff Moore $5,000.00, and the plaintiff Miller $3,500.00, for their injuries. From judgments on the verdict, the defendants appealed.

*Blalock & Swanson by C. Orville Light for plaintiff Henry Lance Moore, appellee.*

*James J. Randleman and M. Neil Finger for plaintiff William Alex Miller, appellee.*

*Barber & Gardner by John C. W. Gardner, Wilson Barber for defendant appellants.*

PER CURIAM. The evidence permitted an inference of speed in excess of that warranted by conditions on the highway. After discovering the first mule in the road, the driver did not reduce speed, but whipped around the mule back into his traffic lane and was "on top of the second mule" before he saw it. Up to that time he had not reduced speed.

The evidence fully justified the jury's findings. Assignments of error other than to the failure to nonsuit are formal and require no discussion. In the judgments below, we find

No error.